

FILED

December 8, 2016

TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD

Time: 9:21 A.M.

## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | | | |
|---|---|---|---|
| Buster Barrett | ) | Docket Nos. | 2015-06-0186 |
| | ) | | 2015-06-0188 |
| v. | ) | | 2015-06-0189 |
| | ) | | |
| Lithko Contracting, Inc., et al. | ) | State File Nos. | 78378-2014 |
| | ) | | 24788-2015 |
| | ) | | 24789-2015 |
| Appeal from the Court of Workers' | ) | | |
| Compensation Claims | ) | | |
| Joshua D. Baker, Judge | ) | | |

---

### Affirmed and Remanded – Filed December 8, 2016

---

In this second interlocutory appeal of this case, the first of two successive insurers asserts that the trial court erred in: (1) designating a physician from whom the employee sought unauthorized treatment as an authorized treating physician; (2) determining that the employer failed to timely provide a panel of physicians; and (3) ordering it to pay for medical treatment sought by the employee without the employer's authorization. Upon careful review of the record, we affirm the trial court's decision and remand the case for any further proceedings that may be necessary.

Judge Timothy W. Conner delivered the opinion of the Appeals Board in which Presiding Judge Marshall L. Davidson, III, and Judge David F. Hensley joined.

John W. Barringer, Jr., Nashville, Tennessee, for the employer-appellant, Lithko Contracting, Inc.

Jill Draughon, Nashville, Tennessee, for the employee-appellee, Buster Barrett

### Factual and Procedural Background

This is the second interlocutory appeal of this case. Buster Barrett ("Employee") worked for Lithko Contracting, Inc. ("Employer"), as a concrete finisher and supervisor. He reported suffering work-related injuries on August 27, 2014, January 15, 2015, and January 21, 2015. Employer was insured for workers' compensation purposes by two

1

successive insurers during the relevant time period: Ace American Insurance ("Ace") had coverage through August 31, 2014, and Travelers Indemnity Company ("Travelers") issued a policy that became effective September 1, 2014. Each insurer employed separate counsel to represent it in this cause, and the attorneys retained by the insurers also represented Employer.

It is undisputed that Ace initially authorized care with Dr. Harold Nevels, who referred Employee to an orthopedic specialist in February 2015. Thereafter, neither insurer offered a panel of physicians or authorized any medical care, as each alleged the other was legally responsible for any such benefits. The first expedited hearing was conducted on September 15, 2015, and, in a May 13, 2016 order, the trial court determined, among other things, that the first insurer, Ace, was responsible for paying medical benefits. Employee appealed this order to the extent that it denied his request for temporary disability benefits, and we affirmed the order on June 17, 2016.

While the dispute was pending, and prior to the issuance of the trial court's May 13, 2016 expedited hearing order, Employee sought medical treatment on his own. He received care from Dr. Scott Standard for his back complaints and from Dr. William Beauchamp for his shoulder condition. Dr. Beauchamp diagnosed a rotator cuff tear and a SLAP lesion in Employee's left shoulder and recommended surgery, which was scheduled for May 17, 2016.

Following issuance of the trial court's order on May 13, 2016, Employer, through Ace, provided Employee a panel of physicians on May 17, 2016, the date of Employee's scheduled shoulder surgery. Employee did not select a physician or sign the form containing this panel, but proceeded with the previously-scheduled surgery. Employee then filed a motion seeking (1) to compel the payment of medical benefits incurred as a result of Dr. Beauchamp's treatment, (2) to compel Employer to acknowledge Dr. Beauchamp as an authorized treating physician, and (3) to compel the payment of temporary disability benefits. Following a second hearing, the trial court issued an order granting Employee's motion for the payment of medical benefits, the identification of Dr. Beauchamp as an authorized physician for the shoulder condition, and the payment of temporary disability benefits. Employer and Ace have appealed.[1]

**Standard of Review**

The standard we apply in reviewing a trial court's decision is statutorily mandated and limited in scope. Specifically, "[t]here shall be a presumption that the findings and conclusions of the workers' compensation judge are correct, unless the preponderance of

---

[1] Employer and Ace identified various issues in their notice of appeal and their position statement in support of their appeal, but have not appealed the trial court's award of temporary disability benefits. Therefore, we will not address that aspect of the trial court's order.

the evidence is otherwise." Tenn. Code Ann. § 50-6-239(c)(7) (2015). The trial court's decision may be reversed or modified if the rights of a party "have been prejudiced because findings, inferences, conclusions, or decisions of a workers' compensation judge:

(A)     Violate constitutional or statutory provisions;
(B)     Exceed the statutory authority of the workers' compensation judge;
(C)     Do not comply with lawful procedure;
(D)     Are arbitrary, capricious, characterized by abuse of discretion, or clearly an unwarranted exercise of discretion; or
(E)     Are not supported by evidence that is both substantial and material in the light of the entire record."

Tenn. Code Ann. § 50-6-217(a)(3) (2015).

**Analysis**

In the present case, Ace sets forth a number of issues on appeal. Each issue identified by Ace pertains to whether the trial court correctly determined that Ace must pay for medical expenses incurred as a result of Employee's unauthorized treatment with Dr. Beauchamp, and whether Ace must authorize Dr. Beauchamp to provide any reasonable and necessary medical treatment for Employee's work-related shoulder condition going forward.

It is a fundamental tenet of Tennessee workers' compensation law that an employer is responsible for furnishing an injured worker "such medical and surgical treatment . . . made reasonably necessary by accident as defined in this chapter." Tenn. Code Ann. § 50-6-204(a)(1)(A) (2015). Likewise, "the injured employee shall accept the medical benefits afforded [by the employer]; provided that in any case where the employee has suffered an injury and expressed a need for medical care, the employer shall designate a group of three (3) or more independent reputable physicians, surgeons, chiropractors or specialty practice groups . . . from which the injured employee shall select one (1) to be the treating physician." Tenn. Code Ann. § 50-6-204(a)(3)(A)(i) (2015). Moreover, in circumstances where an authorized physician has referred the injured worker to a particular specialist, "[t]he employer shall be deemed to have accepted the referral, unless the employer, within three (3) business days, provides the employee a panel of three (3) or more independent reputable physicians." Tenn. Code Ann. § 50-6-204(a)(3)(A)(ii) (2015).

We have previously addressed an employer's responsibilities with respect to the provision of medical benefits. In *McCord v. Advantage Human Resourcing*, No. 2014-06-0063, 2015 TN Wrk. Comp. App. Bd. LEXIS 6 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2015), we held that "mere notice of a workplace accident, in and of itself, does not trigger an employer's duty to provide medical benefits in every case, without regard

3

to the particular circumstances presented." *Id.* at \*13. We noted that the Bureau of Workers' Compensation's rules and regulations set forth "Claims Handling Standards" that allow an employer fifteen days to investigate a claim and make decisions on compensability. *Id.* at \*12; *see also* Tenn. Comp. R. & Regs. 0800-02-14-.04(7) (1999). However, we cautioned that "an employer who elects to deny a claim runs the risk that it will be held responsible for medical benefits obtained from a medical provider of the employee's choice and/or that it may be subject to penalties for failure to provide a panel of physicians and/or benefits in a timely manner." *Id.* at \*13. *See also Young v. Young Electric Co.*, No. 2015-06-0860, 2016 TN Wrk. Comp. App. Bd. LEXIS 24, at \*16 (Tenn. Workers' Comp. App. Bd. May 25, 2016) ("In circumstances where an employer refuses to provide medical treatment and/or denies the employee's claim, such employer bears the risk of being held responsible for medical expenses incurred by the employee in the event the claim is deemed compensable.").

In the present case, Ace argues that if an employer files a Form C-23 "Notice of Denial of Claim for Compensation," it is "not required to provide a panel thereafter."[2] Likewise, it asserts that a "good faith denial" of a claim absolves it of any consequences of its decision to deny medical benefits. Specifically, Ace argues that "Employer should not be penalized for waiting for the Court's order to determine the responsible carrier for coverage of this claim." It then argues that "Employer denied the claim on the good-faith belief that the other insurer was responsible for medical care."[3] We do not agree with Employer's argument and conclude, as we have previously, that an employer who elects to deny a claim for workers' compensation benefits bears the risk of being held responsible for medical expenses incurred by the employee in the event the court later determines that such benefits were owed. Contrary to Ace's argument, such a holding does not prevent an employer from denying a claim and refusing to authorize medical treatment, but it clearly sets forth the risks and obligations of the parties if the court disagrees with an employer's denial and orders the payment of benefits.

Having reached this conclusion, however, we cannot ignore the practical impact of the trial court's nearly eight month delay in issuing its order following the first expedited hearing. Had the trial court acted in a more expeditious manner, the parties would have had a ruling identifying which insurer was responsible and would have been able to assess their rights and obligations well in advance of the scheduling of Employee's shoulder surgery. Ace argues that it "anticipated a prompt ruling from the [trial] court given the very nature of an Expedited Hearing. This did not occur." It also points out that "[t]he purpose of the expedited hearing process is to expedite or execute decisions

---

[2] Tennessee Code Annotated section 50-6-102(13) (2015) provides that the term "employer" "shall include the employer's insurer." Thus, our analysis of an employer's responsibilities to provide medical benefits applies equally to the employer and its workers' compensation insurer.

[3] We take this argument to mean that Ace denied Employee's claim based on its belief that the subsequent insurer should be responsible for the claim.

regarding medical and temporary benefits quickly." We agree. As we previously noted, "although a trial court has broad discretion in managing its courtroom and docket, the court is expected to enter orders in a timely fashion and promptly adjudicate the rights of the parties." *Willis v. All Staff*, No. 2014-05-0005, 2015 TN Wrk. Comp. App. Bd. LEXIS 42, at \*11 (Tenn. Workers' Comp. App. Bd. Nov. 9, 2015) (citation omitted) (involving a potentially dispositive motion which went unresolved for approximately seven months); s*ee also* Tenn. Code Ann. § 4-3-1409(b)(2)(A) (2014) (the workers' compensation system is intended to be administered in a "fair, equitable, expeditious, and efficient" manner). "To do otherwise undermines fundamental fairness and the proper administration of justice." *Willis*, 2015 TN Wrk. Comp. App. Bd. LEXIS 42, at \*11.

Nevertheless, we also note that Employer and its successive insurers could have reached an agreement to initiate Employee's medical treatment pending the trial court's determination of which insurer was responsible, but they did not do so. Ace asserts on appeal that the compensability of Employee's alleged injuries, and not just which insurer was responsible, was always in dispute. However, that position is not reflected in its pleadings prior to the first expedited hearing. Instead, the issue as stated by Ace in its September 11, 2015 brief was "whether the Claimant's injuries stemmed entirely from the August 27, 2014 injury or whether there was any contribution and or [sic] anatomic change from the successive injuries." Had the successive insurers reached an agreement to initiate Employee's medical treatment pending the trial court's decision on which insurer was responsible, Employer could have provided a panel of physicians in a timelier manner, thereby exercising more control over Employee's medical treatment, regardless of the trial court's delay in entering an order. As it stands, Employer and its insurers chose instead to deny medical benefits after Dr. Nevels' referral to a specialist, prompting Employee to file his petitions for benefit determination and requests for expedited hearing. The trial court determined that, under the circumstances, it was reasonable for Employee to seek treatment on his own. We find the evidence preponderates in favor of this determination. Therefore, we conclude that the trial court did not err in holding Ace responsible for the medical benefits incurred as a result of Employee's treatment with Dr. Beauchamp and in designating Dr. Beauchamp as Employee's authorized physician for treatment of his work-related shoulder condition.

## Conclusion

For the foregoing reasons, we hold that the evidence does not preponderate against the trial court's decision at this interlocutory stage of the case. Nor does the trial court's decision violate any of the standards set forth in Tennessee Code Annotated section 50-6-217(a)(3). Accordingly, the trial court's decision is affirmed, and the case is remanded for any further proceedings that may be necessary.

5



**FILED**

**December 8, 2016**

**TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD**

**Time: 9:21 A.M.**



## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | | | |
|---|---|---|---|
| Buster Barrett | ) | Docket Nos. | 2015-06-0186 |
| | ) | | 2015-06-0188 |
| v. | ) | | 2015-06-0189 |
| | ) | | |
| Lithko Contracting, Inc., et al. | ) | State File Nos. | 78378-2014 |
| | ) | | 24788-2015 |
| | ) | | 24789-2015 |
| Appeal from the Court of Workers' | ) | | |
| Compensation Claims | ) | | |
| Joshua D. Baker, Judge | ) | | |

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 8th day of December, 2016.

| Name | Certified Mail | First Class Mail | Via Fax | Fax Number | Via Email | Email Address |
|---|---|---|---|---|---|---|
| **Jill Draughon** | | | | | X | jdraughon@hughesandcoleman.com |
| **John Barringer** | | | | | X | jbarringer@manierherod.com |
| **Wm. Ritchie Pigue** | | | | | X | rpigue@tpmblaw.com |
| **Patrick Ruth** | | | | | X | patrick.ruth@tn.gov |
| **Joshua Davis Baker, Judge** | | | | | X | Via Electronic Mail |
| **Kenneth M. Switzer, Chief Judge** | | | | | X | Via Electronic Mail |
| **Penny Shrum, Clerk, Court of Workers' Compensation Claims** | | | | | X | Penny.Patterson-Shrum@tn.gov |

Jeanette Baird
Deputy Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-0064
Electronic Mail: Jeanette.Baird@tn.gov